**In re Kenneth L. and Betty F. DENTON, Debtors.**

**Bankruptcy No. 93–60646.**

United States Bankruptcy Court, W.D. Texas, Waco Division.

Jan. 24, 1994.

William E. Stallings, Waco, TX, for debtors.

Jeffrey R. Cox, Waco, TX, for trustee.

### *MEMORANDUM OPINION ON TRUSTEE'S MOTION TO DETERMINE WHETHER PROPERTY IS PROPERTY OF THE ESTATE*

LARRY F. KELLY, Chief Judge.

On November 9, 1993, this court held a hearing on the Trustee's Motion to Determine Whether Property is Property of the Estate filed in the above-referenced case. In reality, such a determination should be made in an adversary proceeding as required by Bankruptcy Rule 7001(2). The issue, however, centered on whether this property should be turned over to the Trustee under Code § 542 and was treated as such by the court. After hearing the arguments, the court took the matter under advisement and has now determined, for the purposes of this motion, that the property at issue, a campaign fund account, is property of the Dentons' bankruptcy estate and should be turned over to the Trustee. Pursuant to Bankruptcy Rules 7052 and 9014, the following constitutes the court's findings of fact and conclusions of law. Where appropriate, findings of fact shall be deemed conclusions of law and con-

clusions of law shall be deemed findings of fact. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

### *Findings of Fact*

1. Kenneth Lane Denton and Betty Faye Denton filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on or about July 16, 1993. Betty Faye Denton is presently a member of the House of Representatives of the State of Texas. The Trustee states in his motion that Schedule B of the Debtors' Schedules lists all personal property owned by the Dentons, including certain campaign contributions made for the benefit of Betty Denton. The Trustee further states that the contributions are maintained in a Certificate of Deposit at Bank One with a scheduled value of $10,800.00 and in a checking account at Community Bank with a scheduled value of $15,497.00. The campaign contributions are not claimed as exempt by the Debtors.[1]

2. The Debtors' Response asserts that the campaign funds are separate funds which have never been commingled with personal funds. The Response further maintains that the funds represent campaign funds contributed by Mrs. Denton's constituents and none of the funds were personally contributed by the Debtors nor have they ever been used for personal expenses of the Debtors.

3. There were no assertions nor any evidence to suggest that these funds were not reachable by the Debtors, other than the

jeopardy of possible sanctions provided by the Texas Election Code for misuse or misapplication.

4. No testimony was offered by the Debtors or the Trustee at the November 9th hearing. No argument was made by either party that the facts are not consistent with those set out in the pleadings, so the court will assume that these facts were stipulated.

### *Issue*

The court must determine whether campaign contributions made to and held by a debtor who is an officeholder in the Texas legislature should be turned over to the Trustee.

### *Conclusions of Law*

1. The Trustee in his brief contends that "campaign funds made to and held by a debtor who is a candidate for or officeholder in the Texas legislature are held in trust subject to the terms of the Texas Election Code and do not constitute property of the estate." The Trustee's statement is apparently based on two conclusions: (1) campaign funds are a trust fund and (2) trust funds do not become property of a bankruptcy estate upon filing of a petition in bankruptcy. The court must look to Texas law to define a trust and federal bankruptcy law to define "property of the estate". The portions of the Election Code to which the Trustee refers restrict political candidates from using campaign funds for personal use.[2] Personal use

---

**1.** A review of the schedules by the court reveals that "Schedule B—Personal Property" filed by the Debtors in this case lists a Bank One CD in the name of Mrs. Lane Denton described as "Campaign Fund" in the amount of $10,180.00 and claimed to be in the debtors' possession. This schedule further lists a "Campaign Checking Account" at Community Bank in the name of Betty Denton in the amount of $15,497.00 and also claimed to be in the debtors' possession. This property is not listed as exempt on "Schedule C—Property Claimed as Exempt" filed by the Debtors.

**2.** Section 253.035 of the Texas Election Code states:

(a) A person who accepts a political contribution as a candidate or officeholder may not convert the contribution to personal use.
. . . .

(d) In this section, "personal use" means a use that primarily furthers individual or family purposes not connected with the performance of duties or activities as a candidate for or holder of a public office. The terms does not include:

(1) payments made to defray ordinary and necessary expenses incurred in connection with activities as a candidate or in connection with the performance of duties or activities as a public officeholder, including payment of rent, utility, and other reasonable housing or household expenses incurred in maintaining a residence in Travis County by members of the legislature who do not ordinarily reside in Travis County, but excluding payments prohibited under Section 253.038; or

(2) payments of federal income taxes due on interest and other income earned on political contributions.

is defined in the statute as "a use that primarily furthers individual or family purposes not connected with the performance of duties or activities as a candidate for or holder of a public office." **TEX.ELEC. CODE ANN.** § 253.035 (Vernon Supp.1993) The Election Code further provides a limited number of options for disposition of unexpended contributions at the end of a six year period. The candidate may remit unexpended contributions to his or her political party, another candidate, the comptroller, the original contributor, or recognized charitable organizations. **TEX.ELEC. CODE ANN.** § 254.204 (Vernon Supp.1993)

■ 2. Bankruptcy Code § 541 defines "property of the estate." Section 541(a)(1) provides that property of the estate includes, "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." This is a very broad and all-encompassing definition intended to bring all the debtor's property, in any form, into the bankruptcy estate upon the commencement of the the commencement of the case. After the property comes into the estate, then the debtor is permitted to exempt, pursuant to Section 522, property which is needed for a fresh start.

■ 3. Section 541(c)(1) states, "Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2) or (a)(5) of this section **notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law that restricts or conditions transfer of such interest by the debtor** ..." (emphasis added) More commonly referred to as the anti-alienation provision, this subsection invalidates restrictions on the transfer of property of the debtor.

■ 4. Section 541(c)(2) provides, "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under **applicable nonbankruptcy law** is enforceable in a case under this title." This subsection preserves restrictions on a transfer of a spendthrift trust. If the campaign funds of Betty Denton can be characterized

as a spendthrift trust, this provision would prevent the funds from becoming property of her bankruptcy estate.

5. In 1992 the Supreme Court, in interpreting Section 541(c)(2), ruled in *Patterson v. Shumate* that the phrase "applicable nonbankruptcy law" encompasses any relevant nonbankruptcy law. 504 U.S. ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519, 527 (1992). This Supreme Court case involved the ERISA statute, classified as "other federal law." The Supreme Court recognized in its opinion that state spendthrift trust law would also apply to the § 541(c)(2) exception. The next inquiry for this court is whether the Texas Election Code, with its restrictions on campaign fund expenditures, creates a trust, implied or otherwise.

■ 6. Texas law defines a trust as "a fiduciary relationship in which one person holds a property interest subject to the equitable obligation to keep or use that interest for the benefit of another." 72 TEX.JUR.3d *Trusts* § 1 (1990) An implied trust, sometimes referred to as a trust by operation of law, is created under Texas law through "an implication of intention to create a trust as a matter of law ..." 72 TEX.JUR.3d *Trusts* § 4 (1990) Even if this court were to determine that the language of the Texas Election Code intended to create a trust for political contributions, to avoid the debtor's interest from becoming property of this bankruptcy estate, the court must further find that this trust is in the nature of a spendthrift trust, or contains a "restriction on the transfer of a beneficial interest of the debtor" that is enforceable under Texas law. 11 U.S.C. § 541(c)(2)

■ 7. A spendthrift trust is defined in the Texas Trust Code at § 112.035(a) as a "trust [in which] the interest of a beneficiary in the income or in the principal or in both may not be voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee." A reading of Texas case law on spendthrift trusts supports this court's belief that a spendthrift trust, like any other express trust, must be established with certain formalities. *See e.g., Miller v. Donald,* 235

S.W.2d 201 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.), *Long v. Long,* 252 S.W.2d 235 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.) See also 72 TEX.JUR.3rd *Trusts* §§ 1–39 (1990) Texas courts have looked to the language in written trust instruments which express the intent of the settlor to create a spendthrift trust. *Long v. Long,* 252 S.W.2d 235 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.); 72 TEX.JUR. 3rd *Trusts* § 39 (1990) The law does not support the concept that spendthrift trusts are created by implication, by operation of law or by any means other than in a written instrument containing the appropriate "spendthrift" language. "Although no particular form of words is required for creation of a spendthrift trust, intention to establish it must clearly appear in the **instrument** that creates it in **specific language** declaring a spendthrift trust or in language from which such a trust may reasonably be inferred." 72 TEX.JUR.3rd *Trusts* § 39 (1990)

 8. This court concludes that the statutory restrictions contained in the Texas Election Code relative to campaign funds do not convert a campaign fund account into a trust fund. This account is not a trust, there is no trustee, and therefore, necessarily, there is no spendthrift trust. Therefore, the provisions of § 541(c)(2) which specifically refer to a trust, do not apply to the campaign fund accounts of Betty Denton. Although the State statute provides for penalties where use is made of the funds for personal expenses, nevertheless the funds are subject to being so used. Unlike a spendthrift trust, the beneficiary of this Certificate of Deposit and checking account is currently in a position to spend any or all of such funds for such purposes as she sees fit. A beneficiary of a valid spendthrift trust cannot reach assets of the trust unless and until a trustee distributes them. It then follows that § 541(c)(1) does apply in this instance, bringing into this estate property of the debtor "notwithstanding any provision ... in applicable nonbankruptcy law that restricts or conditions transfer of such interest by the debtor."

*Conclusion*

This matter comes to the court in the form of a Motion to Determine Whether Property is Property of the Estate filed by the Chapter 7 trustee. The court interprets this pleading to be a Trustee's Motion for Turnover, and to the extent the trustee seeks turnover of property of the estate, the court concludes that Betty Denton's campaign fund accounts are property of her bankruptcy estate and should be turned over to the Chapter 7 trustee. The court will limit this ruling to the turnover issue and reserve other issues concerning the estate's interest in the property and restrictions applicable to the trustee, if any, for subsequent review upon the filing of a proper adversary proceeding as contemplated by Bankruptcy Rule 7001(2).